# MEMORANDUM DECISIONS

**1**

In the Matter of the Application of William E. ANDREE. (Court of Appeals of the District of Columbia. Submitted January 15, 1925, Decided February 2, 1925.) No. 1716. W. E. Andree and J. R. Milburn, both of Cleveland, Ohio, for appellant. T. A. Hostetler, of Washington, D. C., for Commissioner of Patents. Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This is an appeal from a decision of the Patent Office refusing four of the five claims of the application for patent, which involves alleged improvements in a garment press. The Examiner and the Examiners in Chief rejected all the claims, but the Assistant Commissioner allowed claim No. 3, because, in his view, the construction there set forth involved ingenuity beyond mere mechanical skill. An examination of the record, in the light of appellant's brief and argument, fails to convince us that the Patent Office erred in its decision, which therefore is affirmed. Affirmed.

**2**

In the Matter of the Application of Leon LILIENFELD. (Court of Appeals of the District of Columbia. Submitted January 14, 1925. Decided March 2, 1925.) No. 1701. F. F. Church, of Rochester, N. Y., for appellant. T. A. Hostetler, of Washington, D. C., for Commissioner of Patents. Before MARTIN, Chief Justice, ROBB, Justice, and BARBER, Judge of the United States Court of Customs Appeals.

PER CURIAM. Appeal from a Patent Office decision refusing to allow six claims of appellant's application for a patent. Having carefully examined the record, in the light of appellant's argument and brief, and finding no error therein, we are content to rest our decision upon the views expressed by the tribunals of the Patent Office. The decision therefore is affirmed.

**3**

Gladys V. PHILLIPS, Administratrix of the Estate of Alexander W. Phillips, Deceased, Appellant, v. Olof CARLSSON, Appellee. (Court of Appeals of the District of Columbia. Submitted January 14, 1925. Decided February 2, 1925.) No. 1698. F. A. Bower and C. V. Edwards, both of New York City, for appellant. Samuel Herrick, of Washington, D. C., for appellee. Before MARTIN, Chief Justice, Robb, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This is an appeal from a decision of the Patent Office in an interference proceeding awarding priority to the senior party. The claims, two in number, relate to a process of increasing or maintaining the amount of nitrocotton dissolved in nitrocellulose solutions, while maintaining a degree of fluidity sufficient to permit the use of the solution as a spray or lacquer. There are two important limitations; that the claims involve a process for dealing with highly concentrated solutions, and for changing them to a fluidity sufficient for their use as a lacquer or spray. Claim No. 1 is sufficiently illustrative and reads as follows: "1. A process for making highly concentrated solutions of nitrocellulose having sufficient fluidity to be used as a lacquer or spray, which consists in treating a mixture of nitrocotton and solvent with heat and pressure." It clearly appears that the senior party established a constructive filing date of December 6, 1918, by reason of the filing of a Swedish application for the same invention. He therefore is entitled to, and was given, that date for conception and constructive reduction to practice. The Examiner of Interferences held that Phillips, while first to conceive, was the last to reduce to practice, and was lacking in diligence, and therefore awarded priority to the senior party. The Board found that Phillips conceived and reduced to practice in 1914, and that, as he neither abandoned nor concealed the invention thereafter, he was entitled to an award of priority, and so ruled. The Assistant Commissioner, in a carefully prepared opinion, concurred in the findings of the Examiner of Interferences, and, after an examination of the record in the light of appellant's argument and brief, we are convinced of the correctness of the conclusion reached. The opinion of the Assistant Commissioner is so comprehensive and satisfactory that we adopt it, without further discussion, and therefore affirm the decision. Affirmed.